UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>      v.<br><br>OATRIDGE SECURITY GROUP, INC.,<br><br>                Defendant.<br><br>SARAH OLSEN,<br><br>                Plaintiff-Intervenor,<br><br>      v.<br><br>OATRIDGE SECURITY GROUP, INC., a Washington Corporation; and CY A. OATRIDGE, individually and on behalf of the marital community composed of CY and J. DOE OATRIDGE,<br><br>                Defendants. | Case No. C19-1517RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE TRIAL |

     This matter comes before the Court on defendants' "Motion to Continue Trial Date." Dkt. #26. Defendants request that the trial date in this case be continued from February 1, 2021 to May 31, 2021. Plaintiff and plaintiff-intervenor oppose the motion. Dkt. #29.

ORDER GRANTING DEFENDANTS'
MOTION TO CONTINUE TRIAL - 1

1        A scheduling order "may be modified only for good cause and with the judge's consent."
2 Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial
3 phase of litigation[.]" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir.
4 1992) (citation omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence
5 of the party seeking the amendment." Id. at 609.

6        Defendants' request for a continuance is based primarily on complications arising from
7 COVID-19, particularly as they have impacted the parties' discovery efforts in recent months.
8 There have been no prior continuances in this case, and based on its review of the record, the
9 Court finds defendants' request reasonable. There is no evidence of willful or dilatory conduct
10 on defendants' part, and in light of the impacts caused by COVID-19, the Court does not agree
11 with plaintiff and plaintiff-intervenor that defendants have failed to diligently conduct discovery
12 or to litigate this case.

13        Although plaintiff and plaintiff-intervenor contend they will be prejudiced by the
14 requested continuance, see Dkt. #29 at 9-10, the Court finds that any prejudice will be minimal
15 and is outweighed by the prejudice that would result if the parties were unable to conduct
16 complete discovery due to COVID-19.[1] See generally Dkt. #32 (Diefenbach Decl.). Moreover,
17 COVID-19 has forced the closure of the U.S. District Courthouse in Seattle for more than six
18 months. See generally W.D. Wash. Gen. Order Nos. 02-20, 13-20. When the Seattle
19 Courthouse can safely reopen, this Court will have a backlog of both criminal and civil jury
20 trials, and it is very unlikely that this matter can proceed to trial as scheduled on February 1,
21 2021. While the Court is sympathetic to plaintiff's and plaintiff-intervenor's desire to resolve
22 this matter promptly, COVID-19 has upended life as we know it. Unfortunately, many litigants
23 have faced delays longer than the one requested by defendants here.

---

[1] Defendants have expressed their preference to depose certain witnesses in person. Although the Court understands this preference, it urges the parties to undertake depositions in the safest manner possible, considering public health guidance surrounding COVID-19. Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate—or the Court may on motion order—that a deposition be taken by telephone or other remote means."). The parties are advised that the Court will not continue proceedings indefinitely based on the parties' hope that they can safely conduct in-person depositions at an unknown future date.

ORDER GRANTING DEFENDANTS'
MOTION TO CONTINUE TRIAL - 2

     For these reasons, the Court finds that defendants' requested continuance will, in this instance, best serve the interests of the parties and of this Court.  The Court accordingly finds that defendants have met their burden to establish good cause under Rule 16(b), and their "Motion to Continue Trial Date" (Dkt. #26) is GRANTED.  IT IS HEREBY ORDERED that the trial date in this case be continued to June 1, 2021.[2]  The Clerk of Court is directed to issue a new case management order reflecting the new trial date and related dates.  The parties are instructed to continue litigating this case to the extent safely possible, in accordance with the General Orders of this District.  <u>See generally</u> W.D. Wash. Gen. Order Nos. 02-20, 13-20.

     IT IS SO ORDERED.

     DATED this 16th day of September, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] Defendants' requested date of Monday, May 31, 2021 is a Court holiday.

ORDER GRANTING DEFENDANTS'
MOTION TO CONTINUE TRIAL - 3